**ALL UNDERWRITERS AT LLOYD'S (LONDON) SUBSCRIBING TO POLICY NO. 200–451–7275, Plaintiffs/Counter–Defendants,**

v.

**Donnill J. KENNEY, individually, Defendant/Counter–Plaintiff.**

No. 96–8014–CIV.

United States District Court,
S.D. Florida.

May 21, 1997.

Jonathan William Skipp, Horr Linfors & Skipp, Miami, FL, for Plaintiffs.

Garry Marc Glickman, Glickman Witters Marell & Jamieson, West Palm Beach, FL, for Defendant.

## ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before the Court upon Plaintiffs' Supplemental Motion for Summary Judgment, filed April 25, 1997, and upon Plaintiffs' Motion for Leave to Amend Complaint to Conform to the Evidence, filed May 14, 1997.

This action arises out of the theft of Defendant's boat, which was insured by Plaintiffs. Plaintiffs claim that the insurance policy is void because Defendant omitted certain facts when he applied for insurance from Plaintiffs.

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265(1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986), and any doubts in this regard should be resolved against the moving party, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2552–53. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. at 2553–54.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). According to the plain language of Fed.R.Civ.P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e); *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.

■ Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson,* 477 U.S. at 257, 106 S.Ct. at 2514–15. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir.1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202.

In the instant action, it is undisputed that Plaintiff requested in its application form information regarding loss in the five years prior to Defendant's application, and Defendant's application stated only "[t]heft loss of engines." Exhibit 1 to Plaintiffs' Supplemental Motion for Summary Judgment. It is further undisputed that, in addition to the stated loss of engines, Defendant had also suffered a loss of his entire boat on another occasion, and that Defendant did not report this loss on his application for insurance. Exhibit 2 to Plaintiffs' Supplemental Motion for Summary Judgment.

■ Marine insurance requires that the applicant make full disclosure of risk possibilities when applying for insurance. *Steelmet, Inc. v. Caribe Towing Corp.,* 747 F.2d 689, 695 (11th Cir.1984).

"It has been said that the insured is bound to communicate every material fact within his knowledge not known or presumed to be known to the underwriter, whether inquired for or not; and that a failure in

either particular, although it may arise from a mistake, accident, or forgetfulness, is attended with the rigorous consequences that the policy never attaches and is void, for the reason that the risk assumed is not the one intended to be assumed by the parties." *Id.* (quoting *Gulfstream Cargo, Ltd. v. Reliance Insurance Co.*, 409 F.2d 974, 980 (5th Cir.1969)).

In the instant action, Defendant did not advise Plaintiffs on his insurance application of the loss of his entire boat. In response to Plaintiffs' Supplemental Motion for Summary Judgment, Defendant has submitted the affidavit of his wife, averring that she told the insurance agent about both thefts over the phone, and that he filled in the application and faxed it to Defendant for Defendant's signature. Defendant's wife further states that neither she nor her husband read the application which had been filled in by the agent before Defendant signed it.

 Plaintiffs suggest in their Reply Memorandum that the insurance agent to whom Defendant's wife allegedly reported the thefts was employed by Admiralty Insurance, not by Plaintiffs' organization, and was therefore an agent of Defendant. Defendant, in turn, argues that the issue of whether the insurance agent was an agent of Defendant or of Plaintiff is a disputed issue of material fact, and therefore precludes summary judgment. Regardless of the agency relationship of the insurance agent, however, the fact remains that Defendant signed the insurance application, which plainly stated that "to the best of [his] knowledge and belief, the information set forth in this application is correct and a true basis on which insurance may be granted." Therefore, Defendant did not communicate on his application every known fact to the underwriter, as required for marine insurance. Defendant's claim that the omission was unintentional is irrelevant because Defendant did affirmatively sign his name to the application.

Having determined that Defendant did not fulfill his obligations in relation to completion of the application, the Court must next determine whether Defendant's omission was material. If so, Defendant's insurance policy was void at its inception, and Plaintiffs are not liable. *Steelmet, supra.*

 The Ninth Circuit has held that an insurance applicant's loss history is indeed a fact material to the risk assumed in providing insurance. *Certain Underwriters at Lloyd's v. Montford*, 52 F.3d 219 (9th Cir. 1995). This Court agrees with the Ninth Circuit's holding, and finds that Defendant's failure to report the loss of his boat on his application for insurance was a material misrepresentation, and therefore Defendant's policy was void at its inception.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Leave to Amend Complaint to Conform to the Evidence, filed May 14, 1997, is **GRANTED.** It is further hereby:

**ORDERED AND ADJUDGED** that Plaintiffs' Supplemental Motion for Summary Judgment, filed April 25, 1997, is **GRANTED.** Plaintiff is directed to file a proposed order of final judgment within twenty (20) days of the date of this Order.